**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CANDY TUCKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-CV-19 CAS |
| ) | |
| WAL-MART STORES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand the case to state court. Defendants have not opposed the motion. For the following reasons, the Court concludes that it has subject matter jurisdiction over this case, and plaintiffs' motion to remand should be denied. Plaintiffs have also filed a motion to strike certain of defendants' affirmative defenses, which the defendants oppose. For the following reasons, the motion to strike should be denied.

**Background**.

This case was originally filed in the Circuit Court of Cape Girardeau County, State of Missouri, on August 24, 2005. Plaintiffs' petition alleges that plaintiff Candy Tucker was seriously injured when her foot became entangled with a wooden pallet in the aisle of a Wal-Mart store in Cape Girardeau. Plaintiff Amos Tucker, Mrs. Tucker's husband, asserts a claim for loss of consortium. Defendants filed their Notice of Removal on February 9, 2006, which asserts that this Court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332(a). Defendants assert that plaintiffs are citizens of the State of Illinois, that defendant Wal-Mart Stores, Inc. is a

citizen of Delaware, and defendant Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas.[1] Defendants assert that the requisite amount in controversy exists based on "information and belief." See Notice of Removal at 2. The Court notes that Candy Tucker asserts she has incurred medical bills and expenses in excess of $100,000. See Petition at 4.

Plaintiffs move to remand on the grounds that the Court lacks subject matter jurisdiction because plaintiff Amos Tucker's loss of consortium claim fails to exceed $75,000 and thus does not satisfy the amount in controversy requirement.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987). "If

---

[1] Under 28 U.S.C. § 1332(c)(1), in cases pursuant to § 1441(a), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). In the future, defendants should specify their states of incorporation and principal place of business, rather than merely asserting that they are citizens of particular states.

2

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**.

**A. Motion to Remand**.

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The party attempting to establish federal jurisdiction bears the burden of proof if diversity of citizenship is challenged. Blakemore v. Missouri Pacific R.R. Co., 789 F.2d 616, 618 (8th Cir.1986). Thus, the defendants must show the existence of the requisite amount in controversy.

Plaintiffs move to remand on the basis that Mr. Tucker's loss of consortium claim does not meet the amount in controversy requirement. Plaintiffs argue that Mr. Tucker's consortium claim, although derivative of Mrs. Tucker's personal injury claim, is a separate and independent claim which cannot be aggregated with Mrs. Tucker's claim for purposes of meeting the minimum amount in controversy. Plaintiffs cite McClure v. Raymond Corporation, 174 F.Supp.2d 982, 985-86 (E.D. Mo. 2001), in which this Court held that under Missouri law, claims for personal injury and loss of consortium are not "common and undivided" for purposes of federal jurisdiction analysis, and cannot be aggregated for purposes of meeting the amount in controversy requirement.

McClure and the case on which it relies, Rodery v. Hardee's Food Systems, Inc., 995 F.Supp. 999, 1000-01 (E.D. Mo. 1998), are no longer good law to the extent they hold that each plaintiff in a removed diversity case must meet the amount in controversy requirement. In 2005, the Supreme Court ruled that a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement,

3

provided the claims are part of the same case or controversy as the claims of plaintiffs who do allege a sufficient amount in controversy, if other jurisdictional prerequisites are met. Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2621-22 (2005) (overruling Zahn v. International Paper Co., 414 U.S. 291, 294 (1973), and Trimble v. Asarco, Inc., 232 F.3d 946 (8th Cir. 2000)). Thus, in removal cases involving multiple plaintiffs, the removing defendant need only show that one of the plaintiffs has an amount in controversy greater than $75,000, provided that the plaintiffs' claims are part of the same case or controversy. See Longo v. R.E. Monson, Inc., No. 4:05-CV-1835 CDP, 2005 WL 3454517, *2 (E.D. Mo. Dec. 16, 2005); see also Campbell v. Bridgestone/Firestone, Inc., No. CIVF051499FVSDLB, 2006 WL 707291, *2 (E.D. Cal. Mar. 17, 2006).

In this case, it is undisputed that Mrs. Tucker's claims allege a sufficient amount in controversy, and the parties are of diverse citizenship. The Court therefore has jurisdiction over Mr. Tucker's loss of consortium claim if it is part of the same "case or controversy" as Mrs. Tucker's personal injury claim. The Eighth Circuit Court of Appeals has explained that supplemental jurisdiction exists over state law claims where the federal and state claims in the case "derive from a common nucleus of operative fact" and are "such that [the plaintiffs] would ordinarily be expected to try them all in one judicial proceeding." Southern Council of Industrial Workers v. Ford, 83 F.3d 966, 969 (8th Cir. 1996) (internal punctuation and quoted case omitted).

In a pre-Zahn case, the Eighth Circuit held that where a wife's claim for loss of consortium under Arkansas law was contingent upon success of the husband's claim for personal injury, and the husband's claim exceeded the federal jurisdictional requirement, the claims were so intertwined and interdependent that federal jurisdiction over the primary claim appropriately permitted the exercise of pendent jurisdiction over the claim for loss of consortium. Hatridge v. Aetna Cas. & Sur. Co., 415

F.2d 809, 816-17 (8th Cir. 1969). In a post-Exxon Mobil case, this Court held that a loss of consortium claim was part of the same case or controversy as the underlying personal injury claim where both claims arose out of the same automobile accident. Longo, 2005 WL 3454517 at *2.

Although this Court held that loss of consortium claims under Missouri law were not "common and undivided" with the underlying personal injury claim, Rodery, 995 F. Supp. at 1000, it also noted that Missouri courts have often described consortium claims as "derivative" of the personal injury claim because they must be occasioned by a spouse's injury. Id. (quoting Wendt v. General Acc. Ins. Co., 895 S.W.2d 210, 213 (Mo. Ct. App. 1995) (en banc)). Loss of consortium claims are generally tried together with the underlying personal injury claim. Hatridge, 415 F.2d at 816. This Court declined to sever a loss of consortium claim from the underlying personal injury claim, in part because the claims arose from a "common nucleus of fact." See McClure, 174 F.Supp.2d at 986. In this case, the plaintiffs' claims grow out of the same occurrence--Mrs. Tucker's alleged fall at Wal-Mart and injuries resulting therefrom. The claims thus arise from a common nucleus of fact and plaintiffs would be expected to try the claims together in the same proceeding.

For these reasons, the Court concludes that Mr. Tucker's loss of consortium claim is part of the same case or controversy as Mrs. Tucker's personal injury claim. Because Mrs. Tucker's claim exceeds the jurisdictional minimum amount in controversy for diversity jurisdiction, the Court may exercise supplemental jurisdiction over Mr. Tucker's claim. Plaintiffs' motion to remand should therefore be denied.

**B. Motion to Strike**.

Plaintiffs move to strike defendants' affirmative defense of comparative fault and/or negligence of other parties under Rule 12(f), Federal Rules of Civil Procedure, on the basis that

Missouri law does not permit the comparison of fault of non-parties to the litigation, citing Fahy v. Dresser Industries, Inc., 740 S.W.2d 635, 641 (Mo. 1987) (en banc), cert. denied, 485 U.S. 1022 (1988).[2] Plaintiffs state that if defendants intended to plead the comparative fault of persons who are parties to the litigation, they should be required to specify who those persons are.

Defendants respond that in their separate Answers, the Second Affirmative Defenses specifically allege that plaintiff Candy Tucker was negligent and that it is her negligence which should be compared with any negligence of the defendants. The Answers state in pertinent part:

> At the time and place described in the Petition, Plaintiff's injuries, if any, were proximately caused by her own negligence, in one or more of the following respects: Plaintiff failed to keep a careful lookout and was not paying attention to where she was going. Defendant respectfully requests that this Court submit the comparative fault and/or negligence of other parties to the trier of fact for determination.

See Answer of Wal-Mart Stores East, L.P. at 2, 3; Answer of Wal-Mart Stores, Inc. at 2, 3. Defendants state that their defense clearly asserts Mrs. Tucker's injuries were "proximately caused by her own negligence." Defendants also assert that with respect to parties other than the plaintiffs having fault in this action, they have not had sufficient opportunity to discover if additional third parties may bear any responsibility and therefore invoke an affirmative defense to preserve this issue.

Plaintiffs reply that because the defendants asserted the identical affirmative defense with respect to Mrs. Tucker's personal injury claim in Count I and Mr. Tucker's loss of consortium claim in Count II, defendants must be referring to the fault of either Mr. Tucker or non-parties with respect to the consortium claim. Plaintiffs further reply that to the extent defendants are attempting to assert the fault of as-yet undiscovered third parties, their attempted affirmative defense is insufficient as a

---

[2]Plaintiffs supplied an incorrect citation to Fahy in both their motion to strike and the reply memorandum in support thereof.

6

matter of law under Fahy, 740 S.W.2d at 841.  Finally, plaintiffs assert that defendants should be required to name the parties whose alleged fault they seek to compare, because without such information, notice is not given under Rule 8(c), Fed. R. Civ. P., and the defense is insufficient.

Under Rule 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy.  Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000).  Nonetheless, resolution of such a motion lies within the broad discretion of the Court.  Id.

Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation.  2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2005).  If there is any doubt whether the matter may raise an issue, the motion should be denied.  Id.  If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party.  Id.  "As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense.  It should be stricken only when it is insufficient on the face of the pleadings." Id., § 12.37[4].  "If sufficiency of the defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted."  Id.

The Court finds plaintiffs have not established that defendants' Second Affirmative Defenses are insufficient on the face of the pleadings.  The defenses clearly assert that plaintiff Candy Tucker's injuries were proximately caused by her own negligence.  As such, these are relevant defenses.  The Court also finds that the Second Affirmative Defenses adequately notify plaintiffs of the nature of the defenses asserted.  To the extent plaintiffs believe the affirmative defenses are vague or confusing

with respect to their assertions against Mr. Tucker, plaintiffs may seek to clarify defendants' position through discovery.

The Fahy decision on which plaintiffs rely does not compel a different result. In Fahy, the Missouri Supreme Court stated, "In Missouri, fault is only to be apportioned among those at trial." (emphasis added). The Fahy case does not address the issue presented here–whether the fault of non-parties to an action may be asserted as an affirmative defense in an answer. Thus, Fahy is not controlling. In addition, plaintiffs' argument is undercut by Oldaker v. Peters, 817 S.W.2d 245 (Mo. 1991) (en banc), where the Missouri Supreme Court held a defendant could argue the comparative fault of two non-parties even though the jury could apportion fault only among those who were parties at trial. The court stated the issue being argued was not apportionment of fault, but rather the lack of negligence or fault of the defendant. A defendant "may introduce any evidence that tends to establish that she is not guilty of the negligence charged." Id. at 252. If a defendant may argue the comparative fault of non-parties to a jury, it should also be allowed to plead an affirmative defense seeking to compare the fault of non-parties. Plaintiffs' motion to strike should therefore be denied.

**Conclusion**.

For the foregoing reasons, plaintiffs' motion to remand this case to state court for lack of subject matter jurisdiction and motion to strike should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **DENIED**. [Doc. 9]

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike is **DENIED**. [Doc. 12]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th   day of April, 2006.