# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CANDY TUCKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-CV-19 CAS |
| ) | |
| WAL-MART STORES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendants' motion for summary judgment. Plaintiffs oppose the motion. For the following reasons, the Court will deny the motion for summary judgment.

**Background**.

On January 26, 2001, plaintiff Candy Tucker allegedly sustained serious and permanent injuries when she stumbled over the corner of a pallet stacked full of merchandise in an aisle in the Wal-Mart store located in Cape Girardeau, Missouri. Her husband, plaintiff Amos Tucker, asserts a claim for loss of consortium. This case was originally filed in state court and was removed to this Court in February 2006.

The defendants move for summary judgment on the basis that at the conclusion of discovery, plaintiffs have failed to provide sufficient evidence supporting a causal relationship between the alleged incident in the Wal-Mart store and plaintiff Candy Tucker's claimed injuries, and therefore fail to establish a prima facie case. Defendants contend that plaintiffs cannot show that Mrs. Tucker's injuries were caused by and her subsequent hip surgery was necessary due to defendants' negligence, because Mrs. Tucker had significant pre-existing medical problems and a history of long-term pain

in her right hip and right lower extremity for at least four years prior to the incident. Defendants assert that plaintiffs' expert witness cannot testify to a reasonable degree of medical certainty that Mrs. Tucker would not have needed a hip arthroscopy and further care and treatment regardless of the incident at Wal-Mart, because she had a pre-existing tear in her labrum[1] and was receiving care and treatment for the hip prior to the incident.

Defendants also assert that they are entitled to summary judgment because the condition in the Wal-Mart store which alleged caused Mrs. Tucker to stumble and injure herself was open and obvious, which is a complete bar to plaintiffs' recovery.

Plaintiffs respond that when the facts are taken in the light most favorable to them, they have established a sufficient causal connection between the incident at Wal-Mart and their damages. Plaintiffs state that their expert testified that the incident at Wal-Mart was a contributing cause of Mrs. Tucker's injury and was a factor in exacerbating the labral tear and in the ongoing process of her pain and discomfort.

Plaintiffs further respond that defendants are not entitled to summary judgment on the basis that the condition of the store was open and obvious because there is no evidence that Mrs. Tucker was aware of the specific danger posed by the pallets stacked in the aisle at Wal-Mart.

**Legal Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the

---

[1]"The labrum is a band of tough cartilage and connective tissue that lines the rim of the hip socket, or acetabulum. It cushions the joint of the hip bone, preventing the bones from directly rubbing against each other. The labrum also helps keep the leg bone in place and increases stability of the joint." WebMD home page, http://www.webmd.com/a-to-z-guides/acetabular-labral-tear-the-basics?print=true.

2

information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleading, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004).

**Discussion**.

    **A. Causation**.

Defendants move for summary judgment on the basis that plaintiff Candy Tucker cannot establish a prima facie case of premises liability because she cannot prove causation. To recover in a premises liability case, a plaintiff must show that: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) as a result, plaintiff was injured. Badovinatz v. Brown, 192 S.W.3d 445, 446 (Mo. Ct. App. 2006).

Defendants contend that Mrs. Tucker cannot establish that her right hip surgery was necessary due to defendants' negligence, and thus cannot establish causation. Defendants assert that the testimony of plaintiff's only expert witness, Dr. Lehman, is insufficient to relate Mrs. Tucker's injuries or treatment to the Wal-Mart incident "within a reasonable degree of medical certainty."

The record shows that Dr. Lehman stated in his expert report that Mrs. Tucker was injured as a result of the incident at Wal-Mart and specified what those injuries were. Dr. Lehman's report stated that the opinions expressed therein were given to a reasonable degree of medical certainty. Dr. Lehman's deposition testimony, coupled with his expert report, are sufficient to permit Mrs. Tucker's claims to survive summary judgment. The inconsistencies that defendants note between Dr. Lehman's deposition testimony and his expert report cannot serve as a basis for a grant of summary judgment, but instead are proper issues to be developed on cross-examination at trial.

**B. Open and Obvious Danger**.

Defendants also move for summary judgment on the basis that the condition which allegedly caused Mrs. Tucker to stumble at the Wal-Mart store was open and obvious, which is a complete bar to recovery.

When the facts of this case are examined in the light most favorable to the plaintiffs, the Court finds that a jury issue exists as to whether the danger presented by the large pallets stacked in the Wal-Mart aisle was open and obvious, even though Mrs. Tucker saw the pallets. Mrs. Tucker testified that she stumbled over a corner of the pallet that was protruding out, after she had moved closer to the pallet to permit another Wal-Mart customer to pass by. The Court cannot conclude as a matter of law that the danger was open and obvious under these circumstances, and therefore the issue is one for the jury.

In addition, even if the Court were to determine that the dangerous condition is open and obvious, under applicable Missouri law, a question still remains for the jury as to whether or not the landowner should have anticipated that an invitee would be harmed, despite an open and obvious hazard. See Hellmann v. Droege's Super Market, Inc., 943 S.W.2d 655, 659 (Mo. Ct. App. 1997). "[I]f the landowner should anticipate that the risk of harm exists even if the invitee exercises due care in the face of the open and obvious danger, then the landowner is not relieved of liability." Id. Whether or not the defendants should have anticipated that an invitee would be harmed by the pallets, despite the open and obvious hazard, is a matter for the jury. See id.

In this case, a jury question exists as to whether defendants should have anticipated that a risk of harm existed even if its invitee exercised due care in the face of an open and obvious hazard presented by the large pallets in the Wal-Mart aisle.

5

**Conclusion**.

For the foregoing reasons, the Court will deny defendants' motion for summary judgment in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **DENIED.** [Doc. 26]

                                                                        */s/ Charles A. Shaw*
                                                                         **CHARLES A. SHAW**
                                                                         **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of May, 2007.